UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY TYRONE MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-CV-14-CDP |
| | ) | |
| BROOK KURTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jimmy Tyrone McGee (registration no. 514467) for leave to commence this action without payment of the required filing fee. Upon consideration of plaintiff's financial information, the Court will grant the motion and will assess an initial partial filing fee of $20.82. *See* 28 U.S.C. § 1915(a). In addition, the Court will order the Clerk of Court to issue process on the complaint as to defendant Brook Kurth in his individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $104.08, and an average monthly account balance of $22.62. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.82, which is 20 percent of plaintiff's average monthly deposit.

## 42 U.S.C. § 1997e(g)(2)

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail

on the merits. Moreover, 28 U.S.C. § 1915A requires the Court to identify any cognizable claims that would survive dismissal.

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center (NECC), seeks monetary and declaratory relief in this 42 U.S.C. § 1983 action against defendant Brook Kurth (NECC Classification/Corrections Case Manager II) in his individual capacity. Plaintiff alleges that, in retaliation for using the grievance procedure at NECC, defendant Kurth intentionally issued him a false conduct violation, for which plaintiff was subsequently found to be not guilty.[1] The Court finds that plaintiff's allegations state a First Amendment retaliation claim. Therefore, the Court will order that defendant reply to the complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

---

[1] "Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, the injury to this right inheres in the retaliatory conduct itself. . . In short, when retaliatory conduct is involved, there is no independent injury requirement." *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994); *see also Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures). *Cf. Hershberger v. Scaletta*, 33 F.3d 955, 956 (8th Cir. 1994) (systemic denial of inmates' constitutional right of access to courts is "such a fundamental deprivation that it is an injury in itself").

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to Brook Kurth in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $20.82 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

_____
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of March, 2014.