UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE TYRONE McGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14CV14 CDP |
| | ) |
| BROOK KURTH, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Pro se plaintiff Jimmie Tyrone McGee, a prisoner at Northeast Correctional Center in Bowling Green, filed this Section 1983 suit against Northeast corrections case manager Brook Kurth. McGee alleges that Kurth wrote him a false conduct violation in retaliation for his filing two grievance appeals and that he was later found not guilty of that conduct. Upon review under 28 U.S.C. § 1915A, the court found that McGee had stated a claim for First Amendment retaliation.

This action is now before the court on three motions filed by McGee. I will deny his motion for a temporary restraining order because his request concerns nonparties and is based on incidents not related to his original claim. I will deny his two discovery motions because they seek overbroad, irrelevant, or undiscoverable information and because Kurth has responded adequately to McGee's discovery requests.

## I. Temporary Restraining Order

First, McGee requests a temporary restraining order against Kurth and various nonparties prohibiting them from retaliating against him for "his exercise of his inalienable right to petition the government for the redress of grievances." In support of this motion, McGee alleges that he has filed several Informal Resolution Request (IRR) forms, which are part of the administrative grievance process at Northeast, and has been threatened and retaliated against for doing so. He also alleges generally that his private property has been confiscated. In an affidavit he submitted in support of his motion, McGee recounts several incidents in which: he was repeatedly denied access to the law library by a nonparty staff member; another nonparty staff member read his legal mail and confiscated the envelope it came in; he was prevented from filing all the IRRs he wanted to file; he was issued improper conduct violation reports and refused an opportunity to rebut the allegations to the extent he wished; and he was treated disrespectfully on multiple occasions by various nonparty prison staff. In addition, McGee submits a "Declaration of Truth" from fellow inmate Michael-Andrew Jackson Pulliam. Most of the Declaration describes Pulliam's own complaints against corrections staff, but he also alleges that he witnessed a search of McGee and his cell.

A temporary restraining order is an extraordinary remedy whose applicability rests completely with the moving party. *Williams Pipe Line Co. v.*

*City of Mounds View, Minn.*, 651 F. Supp. 544, 548 (D. Minn. 1986); *see also Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (listing factors to consider). Preliminary relief is intended to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam); *see also Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

McGee has not demonstrated that he is entitled to a temporary restraining order. First, temporary restraining orders (and preliminary injunctions)[1] only bind parties, their agents and employees, and those acting in active concert or participation with them. *See* Fed. R. Civ. P. 65(d)(2). None of McGee's allegations in this motion relate to Kurth. McGee argues in his reply that the nonparty corrections staff he complains about were Kurth's agents or co-workers. But without more, the fact that people work together is insufficient to demonstrate that they are acting in active concert and could be bound by an injunction. *See Thompson v. Freeman*, 648 F.2d 1144, 1147-48 (8th Cir. 1981) (nonparty may be enjoined only if its interests closely "identify with" those of defendant; when

---

[1] In his motion and its accompanying filings, McGee also references a motion for preliminary injunction. It is not clear if he intended to file a combined motion requesting both a temporary restraining order and a preliminary injunction or whether he intended to file a separate motion that was not in fact filed. Regardless, McGee has not shown that any form of preliminary relief should be granted.

– 3 –

nonparty and defendant are in "privity"; or where defendant "represents" or "controls" nonparty).

Second, a moving party "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471 (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). In *Devose*, an inmate injured in a prison van accident brought suit claiming prison officials had denied him adequate medical care. He later sought a preliminary injunction, claiming the officials were retaliating against him for his lawsuit. The Eighth Circuit held that "new assertions of mistreatment that are entirely different" from the plaintiff's original claim might support additional claims but could not support the imposition of a preliminary injunction. *Id.* Likewise here, McGee has alleged violations of different rights, committed by different people, at different times, and in different ways than his original claim against Kurth. They might conceivably provide the basis for claims against other prison staff, but they are not so related to his First Amendment retaliation claim to sustain a temporary restraining order. As such, I will deny his motion.

## II.     Discovery Motions

McGee also moves to compel Kurth to respond more completely to his interrogatories and requests for production of documents. As a threshold matter, any motion concerning discovery, such as a motion to compel, must comply with

Local Rule 3.04(A)[2] and Fed. R. Civ. P. 37(a)(1).[3] These rules require that a discovery motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion. McGee's motions have not contained such a statement, though he did apparently correspond with Kurth after receiving his answers and objections. Although McGee is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute prior to filing a motion to compel or other motion relating to discovery or disclosure. McGee must then describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A). *See Faretta v. California*, 422 U.S. 806, 934–35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).

That said, in the interest of justice and because both parties have shown good faith in participating in the discovery process, I have considered the

---

[2] E.D. Mo. L.R. 37–3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

[3] Fed. R. Civ. P. 37(a)(1) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

substance of McGee's arguments and reviewed Kurth's responses and objections to McGee's requests. Kurth answered most of McGee's requests. For those requests challenged by Kurth, I find that the objections are appropriate. The objected-to interrogatories and requests for production are either overbroad (like McGee's entire file from the Missouri Department of Corrections) or irrelevant (like detailed personal information about Kurth). *See also* Mo. Rev. Stat. § 217.075 (prohibiting the disclosure of information that may affect the safety and security of a corrections facility). Therefore, I will deny McGee's motions to compel because he has not shown he is entitled to the discovery he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order [#13] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel [#14 and #15] are denied.

                                                                                      CATHERINE D. PERRY
                                                                                      UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014.