UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE TYRONE McGEE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-CV-14 CDP |
| BROOK KURTH, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Defendant Brook Kurth issued a conduct violation against prisoner Jimmie Tyrone McGee El because McGee El added "without prejudice" to his signature on prison grievance documents after being told that he was required to sign only his name to the documents. At the resulting disciplinary hearing, McGee El was found not guilty of violating prison rules and the conduct violation was dismissed and expunged from his record. McGee El brings this suit against Kurth under 42 U.S.C. § 1983, alleging that Kurth violated his constitutional rights by issuing the conduct violation in retaliation for McGee El's filing of grievances. Based on the undisputed facts, Kurth is entitled to qualified immunity, and I will therefore grant his motion for summary judgment.

I.  **Motion for Summary Judgment**

Background

Defendant Kurth is the Grievance Officer at the Northeast Correctional Center where plaintiff McGee El is a prisoner. On July 19, 2013, McGee El was in the Grievance Office to sign two grievance appeals related to Informal Resolution Requests (IRRs) that he had filed earlier.[1] When signing his name, McGee El added the words "Without Prejudice."

There is conflicting evidence about whether Kurth told McGee El that if he wrote anything other than his name he would be given a conduct violation. McGee El does not dispute, however, that he had been warned that he was not allowed to write anything other than his name on the forms. He testified in his deposition that the warden had told him that he was not supposed to add language to his signature:

> [Counsel]: Were you told on July 19, 2013, that you were not allowed to write anything besides your name in the signature block?
>
> [McGee El]: No, I wasn't.
>
> [Counsel]: Prior to that date, had you ever been told that?
>
> [McGee El]: I believe in a grievance appeal, it was said that we could only use – let me see. It was in a response to previous grievances that I had, where the warden said something about that.
> …

---

[1] The subject of those earlier grievances and IRRs is not relevant to the claim made in this case. McGee El admits that Kurth never discussed the substance of those grievances with him.

> [Counsel]: So the answer to that would be that at some point, the warden had told you that you are not supposed to do this?
>
> [McGee El]: Right.

(Def.'s Ex. F, Doc. 25-7, p. 7.)[2]

After McGee El wrote the words "Without Prejudice" on both grievance appeal forms, Kurth wrote the conduct violation report that forms the basis of this action. The conduct violation report (CVR) description states in relevant part,

> Offender McGee, Jimmie #514467 reviewed 2 grievance appeals and signed them "Without Prejudice Jimmie McGee."
> On 7-5-13 I directed offender McGee to only use his commitment name when signing documents. I also took the time to explain that this is not just my directive but is a part of policy as well.
> By his actions Offender McGee, Jimmie placed himself in violation of rule 20-1 Disobeying an Order and 14-1 False Identification.

(Def.'s Ex. C, Doc. 25-4.)

---

[2] It appears that McGee El customarily adds additional language to his signature. In his filings with this Court he has signed his name in a variety of ways, including: "Without prejudice/All Rights Reserved Jimmie-Tyrone: McGee El, Auth. Rep. Jimmie-Tyrone: McGee El, Sui Juris, Auth. Rep. for Jimmie McGee©, Ens. Legis" (Compl., Doc. 1, p. 6); "Jimmie-Tyrone;McGee" (Doc. 1-1, p. 1); "Jimmie-Tyrone-McGee, Auth. Rep." (Doc. 1-1, p. 2); "Without Prejudice/All Rights Reserved By: Jimmie-Tyrone: McGee El, Auth. Rep. Secured Party Creditor, Attorney-In-Fact for Jimmie McGee©, Ens. Legis/Entity" (Orig. Filing Form, Doc. 1-2); "Jimmie-Tyrone:McGee El, Auth Rep., Jimmie-Tyrone:McGee El, Real Party in Interest, Authorized Representative. Power of Attorney-In-Fact, for JIMMIE MCGEE©, Ens Legis, Plaintiff" (Not. Appearance and Req. Receipt, Doc. 7, p. 2). On some of the exhibits he filed he added additional language to his signature, such as "UCC 1-308/1-207 and UCC 1-103" (Pl.'s Aff. Fact in Opp'n Def.'s Mem. Supp. Mot. Summ. J., Doc. 27, p. 11).

After the CVR was filed, a disciplinary hearing took place on July 29, 2013. McGee submitted the following statement as evidence:

> I, Jimmie-Tyrone: McGee, sui juris, hereby make the following statement in regards to the Conduct Violation Report written against me on July 19, 2013 by CCM II B. Kurth for 20.1 Disobeying an Order and 14.1 False Identification:
>
> (1) I conditionally accept based upon proof of bona fide claim that he has the authority to deprive me of reserving any Rights afforded to me; and
>
> (2) I conditionally accept this Conduct Violation Report upon a bona fide proof of claim that I did not provide my commitment name upon the Grievance Appeal Form when reserving my rights; and
>
> (3) I also conditionally accept any sanction you impose on me, based upon this Conduct Violation Report, for $1,000.00 per day for each day I served on your imposed sanction.
>
> Without Prejudice ALL RIGHTS RESERVED UCC -1-308/1-207, UCC-1-103 Jimmie Tyrone: McGee, Authorized Representative, Sui Juris, Auth. Rep.

(Def.'s Ex. D, Doc. 25-5.)

The hearing officer, Deborah Kelly, found him not guilty and recommended that the conduct violation be dismissed and expunged from his record. She specifically concluded that the policy "only states 'The offender is to sign and date', the offender writing other items does not alter the signature. The offender did sign and date as required, using his commitment name." (Def.'s Ex. E, Doc. 25-6.)

– 4 –

On July 31, 2013, McGee El filed an Informal Resolution Request, alleging that Kurth had deprived him of his rights by writing the conduct violation and requesting as a remedy: "I request for disclosure of his full name, bond number, the name and address of his Bond Holder, along with the telephone number; I further request Declaratory and Injunctive Relief; I further request $100,000 for damages." (Pl.'s Aff. Fact in Opp'n Def.'s Mem. Supp. Mot. Summ. J., Doc. 27, p. 34.) The Department of Corrections denied the IRR, concluding:

> CCMII Kelly dismissed and expunge[d] the violation in question and you received no sanction. The dismissal of the violation was approved by the Assistant Warden. There is no evidence of retaliation or a will to cause you harm.
> The dismissal of the violation stands as approved. Your request for the full name, bond number, the name and address of the bond holder, along with telephone number; declaratory and injunctive relief and $100,000.00 for damages is denied. This should resolve your complaint.

(*Id.* at p. 35).

It is undisputed that McGee El did not receive any disciplinary sanction regarding this matter: he was not placed in administrative segregation, nor did he lose visiting privileges or recreation time. Additionally, he admits that he has filed additional IRRs and grievances (relating to other matters) after this incident.

### Discussion

In determining whether to grant a motion for summary judgment, the court views the facts – and any inferences from those facts – in the light most favorable

to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

In addition, the movant will be entitled to summary judgment if the non-moving party has not made a sufficient showing on an essential part of his or her claim because "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Settle v. Ross*, 992 F.2d 162, 163 (8th Cir. 1993).

Kurth contends that he is entitled to summary judgment because "the only evidence in this case demonstrates that the CVR was issued for non-retaliatory reasons." He further asserts that summary judgment is appropriate because he is entitled to immunity from suit under the doctrine of qualified immunity.

## Qualified Immunity

Under Eighth Circuit law, "[q]ualified immunity protects government officials performing discretionary functions from liability for damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Curry v. Crist,* 226 F.3d 974, 977 (8th Cir. 2000), quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Determining the question of qualified immunity involves the following two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *Santiago v. Blair*, 707 F.3d 984, 989 (8th Cir. 2013). Courts may address either prong of the analysis first, *Pearson v. Callahan,* 555 U.S. 223, 236 (2009), and "the defendants are entitled to qualified immunity unless the answer to both of these questions is yes." *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012).

Whether a right is clearly established is a question of law, to be decided on the basis of all relevant authority. See *Elder v. Holloway,* 510 U.S. 510 (1994). Existing precedent must have placed the statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011). This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of

pre-existing law the unlawfulness must be apparent. *Nord v. Walsh Cnty.*, 757 F.3d 734, 739 (8th Cir. 2014) quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987) (internal citations omitted.) A government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S. Ct. at 2078, quoting *Anderson v. Creighton*, 483 U.S. at 640.

It is well-established by Eighth Circuit precedent that the filing of a prison grievance is a constitutionally protected activity under the First Amendment. *Spencer v. Jackson,* 738 F.3d 907 (8th Cir. 2013) (Inmate has a right to use prison grievance process); see also *Sprouse v. Babcock,* 870 F.2d 450 (8th Cir. 1989). This plainly includes the right to file IRRs and to appeal the outcome of those grievances where that is the process that has been established at the correctional institution. Here, however, McGee El does not claim that the CVR was issued as a result of his *filing* the claim, but because of the way he signed it.

The question at issue is a narrow one: whether it has been clearly established that a prisoner has the right to add extraneous words to his name when signing a grievance form. Neither party has pointed to any relevant authority on this point. The Eighth Circuit has not addressed this question directly, although it has held that prison officials may ban inmates from circulating and signing group grievance

petitions. See *Nickens v. White*, 461 F. Supp. 1158, 1159 (E.D. Mo. 1978) *aff'd*, 622 F.2d 967 (8th Cir. 1980) ("Prison officials have a legitimate need to avoid the dangers inherent in prisoners taking group action to redress grievances.") A search of Westlaw revealed only two cases that have dealt with the issue before. Neither found that a prisoner has a guaranteed right to sign a grievance using something other than a legal name.

Under facts very similar to the instant case, the Western District of Washington considered this issue in *Christen v. Washington Dept. of Corrections*, No. C10-5250 BHS/KLS, 2012 WL 1034805 (W.D. Wash. Feb. 16, 2012) *report and recommendation adopted*, No. C10-5250BHS, 2012 WL 1032598 (W.D. Wash. Mar. 27, 2012). The plaintiff-prisoner signed multiple grievance forms by crossing out the words "mandatory," "signature," and "date" on the signature line. *Id*. at *2. Although he did write his committed name, he drew a line through the signature, and then wrote "ARR/WOP"[3] and "UCC 1—207" next to his name. *Id.* The Department of Corrections staff refused to process these grievances because they failed to comply with DOC policy, and because they cited to legal codes. *Id.* The DOC policy in question allowed an inmate to append a legally changed name

---

[3] The plaintiff later explained that "ARR" meant "All Rights Reserved" and "WOP" meant "Without Prejudice." *Christen,* 2012 WL 1034805 at *2.

after his committed name using an "Also Known As" designation. *Id.* The plaintiff then brought suit claiming that the failure to process these grievances constituted a prior restraint on his First Amendment right of free speech. *Id.* at *1. The court explained,

> There is nothing in the record to indicate that Plaintiff's grievances were denied based on their content. Rather, they were denied because he did not comply with the procedural requirements put in place by the DOC for the submission of grievances and written communication with DOC staff. Plaintiff has presented no evidence from which it may be reasonably inferred that any of the Defendants restricted Plaintiff's speech either in advance of or after his expression. … There is simply no evidence that Plaintiff's speech was restrained in any manner.

*Id.* at *8.

A plaintiff in the Southern District of New York claimed that he was prevented from filing several grievances because he would not print his name on the grievance or sign it with his legal name. *Saunders v. Goord*, No. 98 CIV.5057 LMM, 2002 WL 31159109, at *4 (S.D.N.Y. Sept. 27, 2002). That court, in analyzing whether the plaintiff had exhausted his administrative remedies through the grievance process, noted that "prison officials may request that he use his commitment name on official documents. Plaintiff cannot bypass the administrative system by refusing to sign his full name." *Id.*

These two cases are the only ones that touch on whether a prisoner has a right to use anything other than a legal name on grievance appeals. The lack of

case law on this issue is an indication that the "existing precedent" has not "placed the Constitutional question beyond debate."

Similarly to the plaintiffs in *Christen* and *Saunders*, McGee El refused to follow the procedural rules in signing only his legal name on the grievance appeal form. The prison had a procedure in place to allow an inmate to use a new legal name in addition to a committed name, but this is not a situation where McGee El was prevented from using a new legal name. (*See, e.g., Salaam v. Lockhart*, 905 F.2d 1168, 1174 (8th Cir. 1990) holding "the prison policy of excluding new names from its files and internal lists is unreasonable" where an a/k/a alternative procedure was already in place.) Instead, McGee El added the words "Without Prejudice" to his signature. Although the prison ultimately determined that this was not a violation of the rules, precedent had not clearly established that he had a right to add the words. To the contrary, these cases suggest that a prison is allowed to have procedural rules in place for how an inmate must sign his name, and these rules can be enforced.

Although prisoners have a constitutional right under the First Amendment to use the grievance process, it is not clearly established that a prisoner has the right to add extraneous words to his name when signing a grievance appeal. There is no indication here that a reasonable official in Kurth's position would have understood that his conduct was violating any right. In fact, the evidence tends to

show that both the Warden and Kurth believed the rule required him not to add words, and the only precedent indicates that would be lawful. Kurth is entitled to qualified immunity.

## II.    Motion to Appoint Counsel

McGee El requests the appointment of counsel in his case under 28 U.S.C. §1915 (e). Although a civil litigant has no constitutional or statutory right to a court-appointed attorney, the district court may make such an appointment at its discretion. *Rayes v. Johnson,* 969 F.2d 700, 702 (8th Cir. 1992) (internal citations omitted). It is obvious from the many documents that McGee El has filed with the court that he is capable and competent to represent his own interests. He has timely filed motions and pleadings, and properly cites to appropriate sources. He has filed previous suits in this court, demonstrating his familiarity with the process. McGee El has also stated that he "spent long hours in prison educating himself in the field of law, particularly as it pertains to Constitutional Rights…" (Pl.'s Aff. Fact Opp'n Def.'s Mot. Summ. J., Doc. 26, p. 4.) A court-appointed attorney would not be helpful to McGee El or the Court. His request for appointment of counsel is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#24] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#38] is denied.

A separate judgment in accord with this Memorandum and Order is entered today.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2015.